UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LLOYD EDWARD MUMFORD JR., :
        Plaintiff, :
         :
v. : C.A. No. 22-370-JJM
         :
UNITED STATES GOVERNMENT, et al., :
        Defendants. :

### AMENDED REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se*[1] Plaintiff Lloyd Edward Mumford Jr. has filed a civil action based on an unspecified federal question, in which he vaguely names as Defendants: the "United States Government" and the "State of Rhode Island," through its "housing authority," "psychiatric institutions," Superior Court, and the "ACI" (presumably the Adult Correctional Institutions).[2] ECF No. 1 at 2-6. Plaintiff accompanied the complaint with an application to proceed *in forma pauperis* ("IFP"), which has been referred to me for determination. ECF No. 2. Because Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1), the IFP motion would be granted. However, in light of the IFP motion, the Court is required to preliminarily screen the pleading pursuant to 28 U.S.C. § 1915(e)(2)(B). To survive screening, analogous to surviving a motion to dismiss, a complaint must contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Because Plaintiff's pleading does not come close to meeting this standard, after he is afforded a thirty-day opportunity to amend, if he fails

---

[1] Because he is a *pro se* litigant, I have leniently reviewed Plaintiff's allegations and legal claims. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (per curiam).

[2] Plaintiff is not currently a prisoner. ECF No. 2 at 1.

to do so, or if the amended pleading is still deficient, I recommend that the IFP motion be denied as moot and the case be dismissed.

## I.     Background

Most of Plaintiff's pleading amounts to a series of statements complaining generally that unspecified mental institutions deprive persons who are mentally ill of fresh air, freedom, loved ones and the right to refuse drugs; that the United States funds wars, "pay[s] cops" to harass and kidnap, floods the streets with Fentanyl, arrests those who carry guns without a license and is responsible for "no food growing naturally"; that the State of Rhode Island targets people who are on probation; and the ACI provides unlawful drugs and denies medical grievances based on blood clot emergencies. ECF No. 1 *passim*. Two paragraphs set forth what conceivably might be claims. First, Plaintiff alleges that he was denied his rights to free speech, religion and access to the courts (potentially implicating the First Amendment of the United States Constitution) when (on two unspecified occasions) a Rhode Island Superior Court justice threatened him with prison and "kicked [him] out of the court room" for reading the "US Code for treason." ECF No. 1 at 7. Second, Plaintiff claims that he was subjected to discrimination by Rhode Island Housing when he was discouraged and harassed about his hope of obtaining housing "after refusing to allow my mother the right not to have her ex bf's name on the lease when renewing it!" Id. at 8.

## II.    Applicable Law and Analysis

Section 1915 of Title 28 requires a federal court to dismiss an action if the court determines, taking all allegations as true and having drawn all reasonable inferences in favor of the claimant, that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B); Avelin v. South Kingstown Police Department, C.A. No. 22-00295-WES, 2022 WL 3646613, at *1 (D.R.I. Aug. 24, 2022) (standard for dismissal of

an action taken IFP is identical to the standard for dismissal under Fed. R. Civ. P. 12(b)(6) motion to dismiss), adopted by Text Order, (D.R.I. Sept. 14, 2022).  To survive screening, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  A complaint must also comply with Fed. R. Civ. P. 8(a), which requires that it must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (internal quotation marks omitted), and must "set forth minimal facts as to who did what to whom, when, where and why." Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

      The portion of Plaintiff's complaint that contains generic criticism of the unspecified mental institutions, United States, the State of Rhode Island and the ACI does not purport to state any claim and is utterly devoid of any facts plausibly describing allegedly actionable conduct or omissions arising under the United States Constitution or federal law.  Therefore, this portion of the pleading should be summarily dismissed.  As to the balance, Plaintiff's vague allegations of housing discrimination and actions by a Superior Court justice that possibly deprived Plaintiff of his rights under the First Amendment conceivably might support viable claims.  However, as written, these two paragraphs are so vague and unspecific that they do not come close to having enough to state conceivably plausible claims committed by the vaguely named Defendants that inflicted injury on Plaintiff.  Therefore, these portions of the complaint also fail in that they do not meet the plausibility standard set by the Supreme Court in Twombly and Iqbal.  See Iqbal, 556 U.S. at 666, 687 ("complaint alleg[ing] that [officials named] adopted an unconstitutional policy that subjected respondent to harsh conditions of confinement" dismissed for failure "to plead sufficient facts to state a claim for purposeful and unlawful discrimination against [each of

them]"). Nor do they comply with Fed. R. Civ. P. 8(a)'s requirement that a complaint must give fair notice to the defendant with enough facts so that the defendant can ascertain "who did what to whom, when, where and why." Educadores Puertorriquenos en Accion, 367 F.3d at 68.

Based on the foregoing, I recommend that the complaint as presently crafted should be dismissed. However, because it is conceivable that Plaintiff may have a claim that would survive screening if he were to add specific facts and name a potentially responsible defendant, resulting in a pleading that contains facts plausibly stating a federal claim against each named defendant, I recommend that he be afforded thirty days to amend the pleading.

### III. Conclusion

Based on the foregoing analysis, I recommend that Plaintiff be afforded thirty days to file an amended complaint that pleads sufficient facts to support plausible claims either of housing discrimination or of a deprivation of his First Amendment rights. If he fails to do so, or if the amended pleading is still deficient, I recommend that the complaint (ECF No. 1) be dismissed for failure to state any legally viable claims arising under the Constitution or laws of the United States and that the IFP motion (ECF No. 2) be denied as moot. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 19, 2022